U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
JUN 24 2014
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY WESTON                                                           PLAINTIFF
ADC #132833

V.                          NO: 5:13CV00270 KGB/HDY

KELLI SHAVERS *et al.*                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Rodney Weston, an Arkansas Department of Correction ("ADC") inmate incarcerated at the Varner Unit, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 19, 2013. Defendants are Kelli Shavers, Randy Watson, and Moses Jackson, III.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on May 13, 2014, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2

(1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1. In February of 2013, Plaintiff met Shavers. While they were talking, Shavers grabbed Plaintiff's penis. When Plaintiff threatened to report the incident, Shavers offered to bring Plaintiff a cellphone, tobacco, and drugs. Plaintiff did not report Shavers, eventually accepted the contraband, and a relationship grew out of the incident.

2. Plaintiff's relationship with Shavers eventually led to sexual intercourse.

3. On March 22, 2013, Plaintiff learned that Shavers was engaging in sexual activity with other inmates, and confronted her. She again offered to bring Plaintiff contraband, but six hours later, Plaintiff was told to report to disciplinary court, where he was charged by Shavers with a disciplinary violation. At that point, Plaintiff reported the nature of his and Shavers's relationship. Plaintiff was eventually exonerated of the Shavers disciplinary.

4. A month later, Plaintiff received a disciplinary charge from Jackson, accusing Plaintiff of having sex with a staff member, and other rule violations. Plaintiff asserts that because the sex was consensual, he should not have been charged with a rule violation.

5. Even accepting Plaintiff's testimony as true, his claims against Watson and Jackson should be dismissed. Although Plaintiff claimed the Jackson disciplinary charge was retaliatory, he conceded that he engaged in, and was convicted of, five of six of the charged violations. Thus, Plaintiff failed to allege facts sufficient to establish a retaliation claim against Jackson. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).

3

Plaintiff's allegations against Watson are that he did not respond appropriately to his grievances. However, even the failure to respond to a grievance altogether is not a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Likewise, any failure by Watson or Jackson to follow policy in their evaluation of Plaintiff's grievances or disciplinary issues is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

6. Accepting Plaintiff's testimony as true, he has stated a claim for relief against Shavers. According to Plaintiff, the sexual relationship was eventually consensual, but in the beginning the contact was unwelcome. Sexual abuse of an inmate can constitute the unnecessary and wanton infliction of pain prohibited by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). However, Shavers has not been served with the summons and complaint, despite repeated efforts to do so. Because more than 120 days have passed and Shavers has not been served, Plaintiff's claims against Shavers should be dismissed as well. *See* FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).[1] The dismissal should be without prejudice in order to provide Plaintiff with an opportunity to re-file his complaint if Shavers can be located.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED.

---

[1] The docket sheet indicates that Shavers was served with the summons and complaint on October 10, 2013 (docket entry #18; exhibit A). However, the mail appears to have been signed for by someone other than Shavers, and she has not made an appearance. When service was attempted at Shavers's last known address with delivery restricted to her, the summons was returned unexecuted (docket entry #33; exhibit B).

2. Plaintiff's claims against Defendants Randy Watson and Moses Jackson, III, be DISMISSED WITH PREJUDICE failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

3. Plaintiff's claims against Defendant Kelli Shavers be DISMISSED WITHOUT PREJUDICE.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 24 day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _(signature)_  ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name): Bill   C. Date of Delivery: 9-28 |
| 1. Article Addressed to:<br><br>Kelli Shavers | D. Is delivery address different from item 1? ☐ Yes  ☐ No<br>If YES, enter delivery address below:<br><br>5:13CV00270 |
|  | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7012 2920 0001 7004 5644 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Exhibit A

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

   Kelli Shavers

   5:13CV00270

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☒ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number (Transfer from service label): 7012 2920 0001 7004 3534

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

U.S. Department of Justice
United States Marshals Service
Eastern District of Arkansas
600 W. Capitol, Room A328
Little Rock, AR 72201
Official Business
Penalty for Private Use $300

7012 2920 0001 7004 3534
Restricted Delivery

Kelli Shavers

NIXIE   716672010-1N
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER
06/06/14

Out 04/5/20

1st NOTICE
2nd NOTICE 5.20
RETURN 5.24

neopost
05/19/2014
US POSTAGE
$12.66
ZIP 72201
041L111007

Exhibit B

