**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RODNEY WESTON** **PLAINTIFF**
**ADC #132833**

v. Case No. 5:13-cv-00270-KGB/HDY

**KELLI SHAVERS** *et al.* **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge H. David Young (Dkt. No. 34), and the objections filed (Dkt. No. 36). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects. It is therefore ordered that plaintiff Rodney Weston's claims against Kelli Shavers are dismissed without prejudice.

The Court writes separately to address Mr. Weston's motions to amend complaint (Dkt. Nos. 36, 38) and motion for preliminary injunction (Dkt. No. 37). The Court previously adopted Judge Young's Proposed Findings and Recommendation to dismiss with prejudice Mr. Weston's claims that defendants Randy Watson and Moses Jackson, III, retaliated against him for having sexual contact with an Arkansas Department of Correction staff member (Dkt. No. 35). Mr. Weston requests an opportunity to amend his complaint to add new claims of retaliation against Mr. Watson and Mr. Jackson and to request a bench trial. Specifically, Mr. Weston now claims that Mr. Watson and Mr. Jackson are retaliating against him for filing this lawsuit by classifying him as a Prison Rape Elimination Act ("PREA") inmate and segregating him from the prison

population. Mr. Weston claims that these actions violate prison policy and constitute retaliation. His motion for preliminary injunction asks the Court to enjoin this alleged retaliation.

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The Court is not convinced that Mr. Weston's new claims of retaliation are sufficiently related to the conduct asserted in the complaint. Regardless, prison policy appears to allow segregation of inmates involved in inmate-on-staff sexual contact for the security of the inmate and staff. Moreover, Mr. Weston admits that, after filing grievances, he has been reclassified from a PREA inmate to "a potential sexual offender." Lastly, as Judge Young explained, even if these actions violated prison policy, any failure to respond appropriately to grievances or to follow policy in evaluating Mr. Weston's grievances or disciplinary issues is not actionable by itself, and the Court determines that Mr. Weston's due process rights were not violated. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that failure to respond to a grievance altogether is not a constitutional violation); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (finding that violation of prison policy by itself is not actionable under 42 U.S.C. § 1983). It is therefore ordered that Mr. Weston's motions to amend complaint (Dkt. Nos. 36, 38) and motion for preliminary injunction (Dkt. No. 37) are denied.

The Court has now dismissed without prejudice Mr. Weston's claims against Ms. Shavers and dismissed with prejudice Mr. Weston's claims against Mr. Watson and Mr. Jackson. The Court certifies that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

SO ORDERED this the 8th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE